UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WALTER COLE III, ET AL.**                                         **CIVIL ACTION**

**VERSUS**

**NO. 16-841-SDD-RLB**

**MESILLA VALLEY TRANSPORTATION,**
**ET AL.**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in Baton Rouge, Louisiana, on March 14, 2017.

                                                  **RICHARD L. BOURGEOIS, JR.**
                                                  **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WALTER COLE III, ET AL.**                                   **CIVIL ACTION**

**VERSUS**

                                                                                      **NO. 16-841-SDD-RLB**

**MESILLA VALLEY TRANSPORTATION, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Remand. (R. Doc. 6). The motion is opposed. (R. Doc. 7).

**I.   Background**

This is a personal injury action involving an automobile accident. Walter Cole III and Panteria Dunn, individually and on behalf of her minor children Z.C. and Z.D. ("Plaintiffs"), allege that on November 21, 2015, their vehicle was struck by a commercial truck driven by Miguel Angel, owned by defendant Mesilla Valley Transportation ("MVT"), and insured by American Trucking and Transportation Insurance Company ("ATTIC"). (R. Doc. 1-4 at 1-4, "Petition," ¶¶ 3-7).

On August 4, 2016, prior to filing the lawsuit, Plaintiffs submitted a "settlement package" to ATTIC's adjuster indicating that Mr. Cole was diagnosed "with a disc pathology with disc desiccation as a result of the subject accident" and that he underwent physical therapy through May 15, 2016. (R. Doc. 7-2). The settlement package did not make a demand for a specific amount, but it indicated that Mr. Cole had incurred $7,318 in medical expenses. (R. Doc. 7-2 at 2). Plaintiffs provided various medical records as part of the settlement package. (R. Doc. 7-3).

1

On November 9, 2016, Plaintiffs initiated this suit in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. Plaintiffs seek recovery for "pain and suffering, mental anguish and suffering, loss of enjoyment of life, medical expenses, and any and all other damages." (Petition, ¶ 8).

On November 15, 2016, ATTIC requested Plaintiffs to stipulate that each of their claims is less than the amount in controversy requirement for diversity jurisdiction. (R. Doc. 7-4 at 1). Plaintiffs refused to enter into such a stipulation. (R. Doc. 7-4 at 2).

On December 13, 2016, ATTIC removed this action on the basis that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). ATTIC asserts that there is complete diversity because all of the Plaintiffs are citizens of Louisiana, Mr. Angel is a citizen of Florida, MVT is a citizen of New Mexico, and ATTIC is a citizen of Montana. (R. Doc. 1 at 2). ATTIC further asserts that the amount in controversy requirement is satisfied because Mr. Cole sustained "multiple disc bulges in the lumbar spine," and Plaintiffs have refused to stipulate that their damages do not exceed $75,000, exclusive of interest and costs. (R. Doc. 1 at 2).

On January 13, 2017, Plaintiffs filed the instant Motion to Remand, asserting that ATTIC has not satisfied its burden of establishing that the amount in controversy requirement is satisfied. (R. Doc. 6).

## II.    Arguments of the Parties

In support of remand, Plaintiffs argue that ATTIC has not demonstrated that is it facially apparent that any of the Plaintiffs' claims exceeds the jurisdictional amount, or otherwise established through summary judgment type evidence that the amount in controversy requirement is satisfied. (R. Doc. 6-1 at 4-5). Plaintiffs assert that an award of attorney's fees is merited pursuant to 28 U.S.C. § 1447(c) because the removal was frivolous. (R. Doc. 6-1 at 5).

2

ATTIC concedes that the amount in controversy is not facially apparent. (R. Doc. 7 at 6). ATTIC asserts that it has established that the amount in controversy requirement is satisfied because Mr. Cole's medical records indicate that he suffered multiple protrusions in the lumbar spine with fibrous tear; he was on short term disability for almost three months after the accident; he was prescribed medications, physical therapy, and an epidural steroid injection; there is no indication that he has been discharged from care; he has incurred $7,318 in medical expenses, not including the costs of his MRI; and he refused to stipulate that prior to removal that the jurisdictional amount was not satisfied. (R. Doc. 7 at 6-7). ATTIC also cites certain decisions by Louisiana state courts to support its assertion that where "a plaintiff sustains multiple disc protrusions and a recommendation for an epidural steroid injection," the jurisdictional amount will likely be satisfied. (R. Doc. 7 at 7). Finally, ATTIC asserts that attorney's fees are not warranted even if the motion is granted because it had "good grounds for removing this matter to federal court." (R. Doc. 7 at 8).

### III.    Law and Analysis

#### A.    Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if

3

at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]").

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

As the parties do not dispute that there is complete diversity, the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. §

1332(a). The Court will first consider whether it is facially apparent from the Petition that at least one of the Plaintiffs' claims likely exceed $75,000. If not, the Court will then look to the facts in controversy that may support a finding of the jurisdictional minimum.

### B. Whether the Amount in Controversy is Facially Apparent

Consistent with state law, Plaintiffs do not demand recovery of a specific amount in the Petition. Instead, Plaintiffs allege broad categories of damages including pain and suffering, mental anguish and suffering, loss of enjoyment of life, and medical expenses. (R. Doc. 1-4 at 3). The Petition does not specify any injuries incurred as a result of the accident. ATTIC concedes that the amount in controversy is not facially apparent.

Based on the foregoing, the Court concludes that the amount in controversy is not facially apparent.

### C. Whether the Removing Defendant Has Established that the Amount in Controversy is Satisfied

Because the amount in controversy is not facially apparent, the Court will consider whether the removing defendant has set forth any facts in controversy, or submitted summary judgment type evidence, that support a finding of the jurisdictional minimum.

This Court has previously held that the amount sought in a pre-removal settlement demand letter "is valuable evidence to indicate the amount in controversy at the time of removal." *Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995).[1] While the Fifth

---

[1] All federal courts in Louisiana have relied upon and cited *Fairchild* for the proposition that pre-petition settlement letters are "valuable evidence" for determining the amount in controversy if that amount is not facially apparent. *See*, *e.g.*, *Leonard v. Sentry Select Ins. Co.*, No. 15-675, 2016 WL 1393382 (M.D. La. Mar. 11, 2016), *report and recommendation adopted*, 2016 WL 1369397 (M.D. La. Apr. 6, 2016) (denying remand where the plaintiff demanded $215,000 in pre-removal settlement demand and $72,500 in post-removal settlement demand); *Kimble v. Am. First Ins. Co.*, No. 14-67, 2014 WL 1761556 (M.D. La. Apr. 28, 2014) (denying remand where settlement demand sought exhaustion of policy limits of $100,000 and referenced allegedly similar cases, all of which had damage awards in amounts greater than $100,000, and subsequent settlement demand was for $95,000); *Broussard v. Celebration Station*

5

Circuit has not conclusively addressed the issue of whether a pre-removal settlement demand letter can be considered as relevant evidence of the amount in controversy, "it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims." *McGlynn v. Huston,* 693 F. Supp. 2d 585, 595 n. 8 (M.D. La. 2010) (citing *Pollet v. Sears Roebuck and Co.*, 46 Fed. App'x. 226 (5th Cir. 2002); *Hartford Insurance Group v. Lou–Con Inc.*, 293 F. 3d 908 (5th Cir. 2002); *Wilson v. Belin,* 20 F.3d 644, 651 n. 8 (5th Cir. 1994)). Accordingly, the Court will consider whether Plaintiffs' pre-removal settlement demand in this case evidences that the amount in controversy requirement was satisfied at the time of removal.

Here, Plaintiffs do not specifically request any amount of money in their "settlement package" provided to ATTIC prior to removal. Instead, Plaintiffs informed ATTIC's adjuster that Mr. Cole incurred $7,318 in medical expenses, that he was diagnosed "with a disc pathology with disc desiccation as a result of the subject accident," and that he underwent physical therapy through May 15, 2016. (R. Doc. 7-2). While the Court will consider the medical records attached to the settlement package for the purposes of determining whether the amount in controversy requirement was satisfied at the time of removal, that Plaintiffs made an unspecified

---

*Properties, Inc.,* No. 13-531, 2014 WL 1402144, at *5 (M.D. La. Apr. 10, 2014) (denying remand where settlement letter demanding $85,000 was found to be "an honest assessment of a reasonable settlement value of the case"); *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n. 8 (M.D. La. 2010) (granting remand where the confidential pre-petition settlement letter clarified that the jurisdictional amount was not satisfied); *Daniels v. Metro. Prop. & Cas. Ins. Co.*, No. 03-1900, 2003 WL 22038371, at *3 (E.D. La. Aug. 25, 2003) (denying remand where plaintiff's counsel evaluated the claim at $150,000 in settlement demand letter); *Creppel v. Fred's Stores of Tennessee, Inc.*, No. 13-734, 2013 WL 3490927, at *2-3 (E.D. La. July 10, 2013) (denying remand where plaintiff's pre-petition settlement demand letter assessed the value of the case at $80,000); *Soileau v. Louisville Ladder Inc.,* No. 08-385, 2008 WL 1924234, at *2 (W.D. La. Apr. 28, 2008) (granting remand where pre-petition settlement demand was for $28,392.37).

6

settlement demand has little value in this case for determining whether the jurisdictional amount is satisfied.[2]

ATTIC has highlighted certain portions of the medical records attached to Plaintiffs' settlement package to support a finding that the amount in controversy requirement is satisfied with respect to Mr. Cole's injuries and claims for damages. (R. Doc. 7 at 6-7).[3] The medical records indicate that Mr. Cole suffered from constant pain and lumbar spasms, had been working in a warehouse prior to his injury, and returned to work from short term disability on February 19, 2016. (R. Doc. 7-3 at 11). The medical records further indicate that Mr. Cole's doctor prescribed him certain medications, recommended an MRI of the lumbar spine, and a likely epidural steroid injection. (R. Doc. 7-3 at 9-18, 22). The MRI revealed a L5-S1 pathology and bulges at L2-3, L3-4, L4-5, and L5-S1 with fibrous tear. (R. Doc. 7-3 at 19-20). Finally, ATTIC asserts that the $7,318 in medical expenses highlighted by Plaintiffs in their settlement package does not include the costs for Mr. Cole's MRI and that there is no indication that he has been discharged by his treating physician. (R. Doc. 7 at 3).

Plaintiffs' demand and medical records do not indicate that Mr. Cole has suffered any disc herniation, must less that he is a candidate for surgery.[4] Instead, the record indicates that

---

[2] If anything, that the settlement package does not demand a specific amount over $75,000 for any of the Plaintiffs' claims supports a finding that the jurisdictional amount is not satisfied.

[3] ATTIC does not argue that the amount in controversy requirement is satisfied with regard to any of the other individual Plaintiffs' claims. Accordingly, the Court will solely focus on whether Mr. Cole's claims exceed the jurisdictional amount.

[4] This Court recognizes that "[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended." *Robinson v. Kmart Corp.*, No. 11-12, 2011 WL 2790192, at *4 n.4 (M.D. La. Apr. 28, 2011), *report and recommendation adopted*, 2011 WL 2937952 (M.D. La. July 14, 2011). Accordingly, courts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement when balanced with other factors in the record. *See*, *e.g.*, *Hebert v. Hanco Nat. Ins. Co*., No. 07-362, 2009 WL 255948, at *4-5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff "suffers from a herniated disc, without any recommendation for surgery" and the plaintiff "continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish"); *Espadron v. State Farm Mut. Auto. Ins. Co.,* No. 10-53, 2010 WL 3168417 (E.D.

Mr. Cole has suffered various disc bulges in the lumbar region and has been recommended an epidural steroid injection to relieve his pain.

ATTIC has submitted decisions indicating that plaintiffs with multiple disc bulges and received a recommendation for steroid injections have recovered general damages exceeding $75,000. The referenced decisions, however, involved injuries and/or specific factual circumstances not present in this action. *See Herbert v. Boesch*, 194 So.3d 798 (La. App. 1st Cir. 2016) (affirming general damage award of $75,000 where plaintiff was involved in rear-end automobile accident that "caused the bed of [his] pickup to be shoved forward, breaking the back window and the driver's seat"; plaintiff "sustained injuries to his neck, back, shoulders, chest, and shins; MRI scans revealed two disc bulges at C6-7 and L4-5; and plaintiff was treated conservatively with medication, six weeks of physical therapy, including dry needling; and plaintiff incurred $15,290.98 in past medical expenses); *Strother v. Continental Casualty Ins. Co.*, 944 So.2d 774 (La. App. 3rd Cir. 2006) (affirming general damages award of $144,000 where plaintiff was diagnosed with a cervical and lumbar strain due to an automobile accident; treated conservatively with medication and physical therapy; experienced pain for over one year; and incurred $44,986.75 in past medical expenses); *Smith v. Goetzman*, 720 So.2d 39 (La. App. 1st Cir. 1998) (affirming general damage award of $80,000 where plaintiff suffered a moderate disc bulge at the L4-5 level and the possibility of a slight disc bulge at the L5-S1 level; plaintiff

---

La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a "herniated cervical disc [or] segmental cervical instability" and a "herniated lumbar disc [or] segmental lumbrosacral instability" and was a "potential surgical candidate" and plaintiff stipulated that his damages did not exceed $50,000). That said, the potential award of general damages where herniated discs are alleged and the plaintiff has not undergone surgery is significant, and courts have found the amount in controversy satisfied where such allegations are made. *See, e.g., Reeves v. TPI Restaurants, Inc.*, No. 05-1778, 2007 WL 1308380, at *2 (W.D. La. Apr. 13, 2007), *report and recommendation adopted*, ECF No. 26 (W.D. La. May 3, 2007); *McDonald v. Target Corp. of Minn.*, No. 11-598, 2011 WL 2160495, at *1 (E.D. La. June 1, 2011).

suffered in pain in the his back and legs, which was treated with conservative treatment but future surgery was not discounted; and plaintiff suffered from clinical depression as a result of his injuries, pain, and loss of his employment).[5]

However, a general review of quantum cases demonstrates that general damages awards for multiple bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections. *See*, *e.g.*, *Clement v. Carbon*, 153 So. 3d 460, 464 (La. App. 5th Cir. 2014) (affirming award of $30,000 in general damages for bulging disc at C5-6); *Moody v. Cummings*, 37 So. 3d 1054, 1062 (La. App. 4th Cir. 2010) (affirming award of $45,000 in general damages for minimal bulging at C2-3, C4-5, and C5-6, which appeared to be degenerative, and not traumatic in origin, and pain for a period of 4 years); *Mixter v. Wilson*, 54 So. 3d 1164, 1169 (La. App. 5th Cir. 2010) (increasing award for general damages to $30,000 where MRI revealed two ruptured discs and one bulging disc, and plaintiff was treated with epidural steroid injections); *Holford v. Allstate Ins. Co.*, 935 So. 2d 758, 763 (La. App. 2nd Cir. 2006) (affirming general damages award of $25,000 for "chronic back pain" where MRIs revealed mild bulging discs at L1-2 and T11-12 likely aggravated by the accident); *DiMaggio v. Williams*, 900 So. 2d 1014, 1019 (La. App. 5th Cir. 2005) (affirming general damages award of $15,000 for two bulging discs); *Orillac v. Solomon*, 765 So. 2d 1185, 1190 (La. App. 2nd Cir. 2000) (reducing general damages award to $30,000 where MRI revealed

---

[5] Two other decisions cited by ATTIC are less on point, as they do not involve multiple disc bulges. *See Martin v. ERMC, II*, 23 So.3d 1008 (La. App. 3rd Cir. 2009) (affirming general damages award of $103,000 for spinal pathology, median neuropathy at the right wrist, and spasms in the upper back); *Pannell v. Encompass Ins. Co.*, 956 So.2d 152 (La. App. 3rd Cir. 2007) (affirming general damages award of $90,000 for soft tissue injuries to the neck and shoulder and an aggravation of pre-existing lower back problems). Moreover, the foregoing decisions are all reviews by Louisiana appellate courts of awards of general damages. The Louisiana Supreme Court has stated that "the role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact." *Youn v. Mar. Overseas Corp.*, 623 So. 2d 1257, 1260 (La. 1993).

9

minimal bulging of two discs and slight encroachment between vertebra); *but see Locke v. Young*, 42,703 (La. App. 2nd Cir. 2007), 973 So. 2d 831, 847 (reducing award of $150,000 in general damages award for two bulging discs to $75,000).

Several recent federal court decisions have held that the removing defendant did not meet its burden of providing the amount in controversy where the plaintiff suffered disc bulging or herniation without operation, and incurred less than $15,000 in medical expenses at the time of removal. *See Barrow v. James River Ins. Co.*, No. 16-15967, 2017 WL 656725 (E.D. La. Feb. 15, 2017) (amount in controversy not satisfied where plaintiff incurred $4,600 in medical expenses at time of removal, and received physical therapy and an epidural steroid injection to treat disc herniations at L3-4, L4-5 and L5-S1); *McCain v. Winn-Dixie Montgomery, LLC*, No. 16-1546, 2016 WL 2908418 (E.D. La. May 19, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $6,384 in medical expenses at time of removal, and medical records indicated annual cervical bulges at C4-5, C5-6, and C6-7; exacerbation of several preexisting lumbar disc herniations; and other injuries to wrist and hip); *Robichaux v. Wal-Mart Stores, Inc.*, No. 16-1786, 2016 WL 1178670 (E.D. La. Mar. 28, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $7,555 in medical expenses at time of removal, and MRI demonstrated that the plaintiff had a "mild bilateral facet arthropathy at L3-4, bilateral facet arthropathy and a circumferential broad based posterior disc bulge with resultant mild central canal stenosis and biltateral foraminal narrowing at L4-5, and mild bilateral facet arthropathy at L5-S1"); *Powell v. Cadieu*, No. 15-4839, 2016 WL 1042351 (E.D. La. Mar. 16, 2016) (amount in controversy not satisfied where plaintiff incurred $1,948 in medical expenses at time of removal, and MRI tests indicated plaintiff had "lumbar facet arthrosis at L3-4 and L4-5 with bulging at L3-4 with annulus fibrosus tear with bulging at L5-S1 and L2-3 and L4-5");

*Arnold v. Lowe's Home Centers, Inc.*, No. 10-4454, 2011 WL 976512 (E.D. La. Mar. 16, 2011) (amount in controversy not satisfied where slip-and-fall plaintiff incurred approximately $12,000 in medical expenses at time of removal, and suffered a herniated disc at C3-4 for which epidural steroid injections were prescribed); *cf. Thibodeaux v. GEICO Advantage Ins. Co.*, No. 16-158, 2016 WL 4055660 (M.D. La. July 8, 2016) (denying remand where "defendants correctly pointed out that the medical bills show consistent treatment with charges in excess of $45,000" and "[t]he medical records provided by the defendants similarly show that [the Plaintiff] had preexisting injuries in his neck and back that were aggravated by the . . . accident.").

Here, ATTIC has only established that Mr. Cole incurred $7,318 at the time of removal (with the possible additional cost of an MRI), has several lumbar disc bulges, and has been recommended for an epidural steroid injection. Without a more thorough analysis of why Mr. Cole's injuries in this action support a finding that his general damages will more likely than not be higher, the Court concludes that based on the record available his recoverable general damages is not sufficient for federal jurisdiction.

Furthermore, to the extent Mr. Cole is seeking recovery for lost wages, ATTIC has only established that he was on short term disability for 3 months from his position as a warehouse worker. ATTIC does not submit any summary judgment-type evidence to support the calculation of a numerical figure for Mr. Cole's past and/or future lost earnings.[6]

Finally, the record indicates that Plaintiffs refused to stipulate prior to removal that each of the Plaintiffs' claims did not exceed the jurisdictional amount. (R. Doc. 7-4). Plaintiffs did not have a legal obligation to sign Defendant's stipulation "and, therefore, his refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth

---

[6] In addition, the Petition does not specifically seek recovery for any past and/or future wages.

11

more than $75,000." *Lipford v. Boehringer Ingelheim Pharm., Inc.*, No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014). Such a refusal "is but one factor for the court to consider." *Id.*; *see also Lee v. Dillon*, No. 12-1413, 2012 WL 3263882, at *3 (W.D. La. Aug. 8, 2012) ("While not conclusive, the court does afford some weight to Plaintiff's refusal to stipulate."). The weight to be provided a refusal to stipulate to the amount of damages is questionable. *See Trahan v. Drury Hotels Co., LLC*, No. 11-521, 2011 WL 2470982, at *5 (E.D. La. June 20, 2011). Given the record in this action, Plaintiffs' refusal to stipulate to the amount of damages, while given some weight, is an insignificant factor in determining the amount of controversy in this action.

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citations omitted). As stated above, the removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch*, 491 F.3d at 281-82; *see also Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

Based on the foregoing, the Court concludes that ATTIC has failed to meet its burden of establishing that the amount in controversy requirement is satisfied.

**D.    Plaintiffs' Request for Costs and Expenses**

Plaintiff requests that ATTIC bear all costs and fees incurred regarding the filing of the Motion to Remand. (R. Doc. 6). ATTIC argues that based on the objective findings of disc bulges, which Cole's counsel indicated were related to the accident in question, and the likely claims for special damages, ATTIC had good grounds to remove this matter to federal court.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs and expenses under § 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005). The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997); *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993). To be subject to an award of attorney's fees under § 1447(c), a defendant must have played a role in the decision to remove. *Avitts*, 111 F.3d at 32.

Although the removing defendant has not met its burden of establishing that the amount in controversy is satisfied, the Court concludes that the removal of this action was not objectively unreasonable. Given the range of possible recovery for the injuries allegedly suffered by Mr. Cole, the removing defendant had an objectively reasonable basis for seeking removal.

13

## IV. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiffs' Motion to Remand (R. Doc. 6) be **GRANTED** and **this** action be **REMANDED** to the 19th Judicial District, East Baton Rouge Parish, Baton Rouge.

**IT IS FURTHER RECOMMENDED** that the parties bear their own costs.

Signed in Baton Rouge, Louisiana, on March 14, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**